CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
FEB 18 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MAE VIRGINIA LAWSON, | Civil Action No. 5:09CV00052 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Mae Virginia Lawson, was born on October 14, 1952, and eventually completed her high school education. Mrs. Lawson received additional training as a nursing assistant. Plaintiff worked as a shipping clerk for over fifteen years. When Mrs. Lawson began this work, she unloaded trucks and stocked shelves. However, in later years, she switched to clerical duties. Mrs. Lawson last worked on a regular and sustained basis in 2001. On March 2, 2005, plaintiff filed an application for a period of disability and disability insurance benefits. An

earlier application had proven unsuccessful. In filing the claim currently before the court, Mrs. Lawson alleged that she became disabled for all forms of substantial gainful employment on January 1, 2002 due to shortness of breath, back problems, and asthma. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Lawson met the insured status requirements of the Act through the fourth quarter of 2006, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2006. See, gen., 42 U.S.C. § 423(a).

Mrs. Lawson's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 25, 2007, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Mrs. Lawson suffered severe impairments on the basis of degenerative disc disease, shoulder pain, residuals of multiple motor vehicle accidents, and asthma. Because of these conditions, the Law Judge held that plaintiff was disabled for her past relevant work. However, the Law Judge determined that Mrs. Lawson retained sufficient functional capacity for light work activity not involving exposure to respiratory irritants or frequent overhead reaching with the right upper extremity. Given such residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Lawson retained the capacity to perform several specific light work roles existing in significant number in the national economy, at all relevant times on and before December 31, 2006. Accordingly, the Law Judge ultimately concluded that Mrs. Lawson was not disabled, and that she is not entitled to a period of disability or disability insurance

benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Lawson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Lawson has an extensive medical history. She has been involved in four automobile accidents, and she has undergone a variety of surgical procedures due to injuries suffered in the accidents. She has degenerative disc disease, as well as persistent shoulder pain. While not cited by the Administrative Law Judge as a severe impairment, the record also suggests that plaintiff suffers from blackout spells. She has been prescribed Dilantin for control of her blackouts. Plaintiff also has headaches and shortness of breath associated with asthma. The record also documents treatment for anxiety over a period of several years, though Mrs. Lawson was not seen by a mental health specialist prior to the termination of insured status.

Much of the medical record in this case was generated by Dr. John Forbes, III, plaintiff's longstanding treating physician. The Law Judge cited many of Dr. Forbes' clinical findings in his opinion. Dr. Forbes did not submit an overall assessment of Mrs. Lawson's case until November 20, 2006. In his assessment, Dr. Forbes produced physical findings which indicate a residual functional capacity for no more than a limited range of sedentary exertion. The treating physician went on to describe nonexertional limitations which were ultimately held by the vocational expert to be such as to prevent performance of any substantial gainful activity. The Law Judge discounted Dr. Forbes' medical assessment, stating as follows:

> As for the opinion evidence, the undersigned has considered the opinion of Dr. John Forbes who opined in April 2006 that the claimant is unable to perform work on a sustained and continuous basis, as she can only lift and carry 6-10 pounds occasionally and 1-5 pounds frequently, can only sit for 4 hours in an 8 hour day, can only stand/walk for 3 hours in an 8 hour day, requires an hour break to rest in an 8 hour day and is limited in her ability to make simple work-related decisions and respond appropriately to changes in the work environment (Exhibit 32F). The undersigned finds that this opinion is entitled to minimal weight as it is contrary to the minimal findings on examination and diagnostic testing and Dr. Forbes's own opinion in October 2004 that the claimant could work in an assisted living facility as long as she did not lift over 10-20 pounds. Furthermore, the undersigned finds that Dr. Forbes's opinion regarding the claimant's mental limitations is entitled to minimal weight as he is the claimant's primary care physician, not a mental health professional, has never referred her to a mental health profession [sic], and the longitudinal evidence of record reveals only mild restrictions at most in the mental domains of functioning. (TR 28).

The court is unable to conclude that the Law Judge's treatment of Dr. Forbes' medical assessment is supported by substantial evidence. In the court's view, it is not overly significant that over two years earlier, Dr. Forbes had suggested that Mrs. Lawson might return to work in an assisted living facility as long as she did not lift over 10 to 20 pounds. Obviously, in making his

4

assessment in November of 2006,[1] Dr. Forbes had a greater longitudinal perspective and was further informed that plaintiff had been unable to work in the assisted living facility. More fundamentally, the Administrative Law Judge's opinion loses sight of the fact that, as a treating physician, Dr. Forbes' report is entitled to greater weight. Under 20 C.F.R. § 404.1527, it is provided that more weight is given to the opinion of a medical source who has actually examined a claimant. 20 C.F.R. § 404.1527(d)(1). The medical record in the instant case reveals that Dr. Forbes has actually examined Mrs. Lawson on a multitude of occasions. Under 20 C.F.R. § 404.1520(d)(2), it is provided that more weight should be given to opinions from treating sources based on the "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations such as consultative examinations or brief hospitalizations." The regulation goes on to indicate that, based on the length of a treatment relationship, the Commissioner will give a treating source's opinion more weight than that of a nontreating source. 20 C.F.R. § 404.1527(d)(2)(i).

Given the numerous times that Dr. Forbes actually saw Mrs. Lawson, as well as the length of their treatment relationship, the Law Judge's cursory dismissal of Dr. Forbes' medical assessment based on a comment made by the doctor several years earlier is simply not sufficient. Dr. Forbes' physical findings, which suggest residual functional capacity for no more than a limited range of sedentary exertion, are consistent with those made by Dr. James Long in a consultative evaluation performed on March 5, 2004. After a clinical examination, conducted at the behest of the Disability Determination Services, Dr. Long opined that Mrs. Lawson is capable of no more than sedentary activities. (TR 287). The court concludes that plaintiff has met the

---

[1] The Administrative Law Judge misread the date of Dr. Forbes' report as April, 2006.

5

burden in establishing that she became disabled for anything more than sedentary exertion prior to the termination of her insured status.

Even assuming a residual functional capacity for a full range of sedentary exertion, and even without consideration of the nonexertional factors in Mrs. Lawson's case, the court notes that the medical vocational guidelines direct a determination of disabled. Mrs. Lawson was 54 years of age at the time of her administrative hearing, and qualified as a person "closely approaching advanced age" at all relevant times. See 20 C.F.R. § 404.1563(d)(2). As noted above, plaintiff completed her high school education. The vocational expert testified at the administrative hearing that Mrs. Lawson possesses no transferrable skills. (TR 2510). Even assuming residual functional capacity for a full range of sedentary exertion, and considering plaintiff's age, education, and previous work experience, Rule 201.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404 directs a decision of disabled in Mrs. Lawson's case. Thus, the court concludes that plaintiff has met the burden of proof in establishing entitlement to a period of disability and disability insurance benefits.

In his medical assessment completed on November 20, 2006, Dr. Forbes opined that plaintiff had suffered the limitations identified in the report for at least a year. (TR 1933). Accordingly, the court concludes that Mrs. Lawson has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment as of November 1, 2005.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing entitlement to a period of disability and

6

disability insurance benefits, summary judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 18th day of February, 2010.

_____
United States District Judge